UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAYO WILLIAMS,

                      Plaintiff,

-against-

DAVID M. HOOVLER; MICHAEL ROCHE; KEVIN JODICE; ESAEL RIVERA; GARY ABRAMSON; DAVID AIKMAN; DAVID A. LINDINE,

                      Defendants.

22-CV-9699 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff, who was detained at the Orange County Jail at the time he filed this action, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. In the complaint, Plaintiff asserts two distinct and unrelated sets of claims. By order dated January 26, 2023, the Honorable Laura Taylor Swain, in her role as Chief Judge, severed Plaintiff's claims against the Orange County Jail and "Keefe Commissary Network/Vendor" arising from money allegedly being stolen from his inmate account, and directed the Clerk of Court to open those claims as a new civil action.[1]

    This action consists of Plaintiff's claims arising from his August 24, 2022, arrest in Newburgh, New York, and his subsequent criminal proceedings. (*See* ECF 2, at 6-8.) Named as Defendants are Orange County District Attorney David M. Hoovler; Assistant District Attorney Michael Roche; City of Newburgh Police Officers Kevin Jodice and Esael Rivera; Legal Aid Society attorneys David Aikman and David A. Lindine; and Gary Abramson. By order dated

---

[1] Those claims are pending under a new docket number. *See Williams v. Orange Cnty. Jail*, No. 23-CV-0764 (LTS) (S.D.N.Y.).

December 16, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP") – that is, without prepayment of fees.[2]

For the reasons set forth below, the Court (1) dismisses Plaintiff's claims against Hoovler, Roche, Aikman, Abramson, and Lindine, and (2) directs service on Jodice and Rivera.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

**A.     Claims against Hoovler and Roche**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Grand jury proceedings fall within that definition. *Buari v. City of New York*, 530 F. Supp. 3d

---

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

356, 380 (S.D.N.Y. 2021); *see Peay v. Ajello,* 470 F.3d 65, 67–68 (2d Cir.2006) ("Plaintiff's claims against [prosecutor], which encompass activities involving the initiation and pursuit of prosecution [including fabricating evidence used at trial, withholding exculpatory evidence, suborning perjury, and attempting to intimidate him into accepting a guilty plea], are foreclosed by absolute prosecutorial immunity, regardless of their alleged illegality."); *Bernard v. Cnty. of Suffolk,* 356 F.3d 495, 502–05 (2d Cir.2004) (absolute immunity shields prosecutors from suit pursuant to section 1983 for their alleged malicious or selective prosecution as well as for any misconduct in the presentation of evidence to the Grand Jury).

Here, Plaintiff's claims against DA Hoovler and ADA Roche are based on actions within the scope of their official duties and associated with the conduct of the grand jury proceedings. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").[3]

**B.     Claims against Aikman, Abramson, and Lindine**

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531

---

[3] Moreover, in any event, a defendant has no federal constitutional right to testify before a state grand jury. *Flores v. Levy*, No. 07-CV-3753, 2008 WL 4394681, at *11 (E.D.N.Y. Sept. 23, 2008).

U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983). As Defendants Abramson, Aikman, and Lindine are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983.

### C.     Service on Jodice and Rivera

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[4] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

---

[4] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants Officers Jodice and Rivera through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants.[5] The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Hoovler and Roche because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it

---

[5] Extending Plaintiff special solicitude because of his *pro se* status, I interpret the Complaint as alleging false arrest against Officers Jodice and Rivera. I note, however, that the arrest report on which Plaintiff relies – to the extent I can understand it – only states that they had no search warrant; it does not suggest they lacked an arrest warrant or probable cause to make a warrantless arrest. Further, the failure to provide *Miranda* warnings does not give rise to a constitutional violation redressable in damages under section 1983. *Vega v. Tekoh*, 2142 S. Ct. 2095 (2022). Even before *Vega*, no fifth amendment claim arose before unwarned statements were introduced at trial. *See, e.g., Spears v. New Haven Police Dep't*, No. 20-CV-1652, 2021 WL 3514675, at *3 (D. Conn. Aug. 10, 2021).

arises from conduct that is "intimately associated with the judicial phase of the criminal process").

The Court dismisses Plaintiff's claims against Aikman, Abramson, and Lindine for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to issue summonses for Jodice and Rivera, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: February 17, 2023
       White Plains, New York

*[signature: Cathy Seibel]*

CATHY SEIBEL
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Officer Kevin Jodice
   Newburgh Police Department
   55 Broadway
   Newburgh, NY 12550

2. Officer Esael Rivera
   Newburgh Police Department
   55 Broadway
   Newburgh, NY 12550