UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
NAYO WILLIAMS,

                              Plaintiff,               **OPINION & ORDER**

   - against -                              No. 22-CV-9699 (CS)

KEVIN JODICE and ESAEL RIVERA,

                              Defendants.
-------------------------------------------------------------x

<u>Appearances</u>:

David L. Posner
McCabe & Mack LLP
Poughkeepsie, New York
*Counsel for Defendants*

<u>Seibel, J.</u>

      Before the Court is the motion to dismiss of Defendants Kevin Jodice and Esael Rivera

(collectively, "the Police Defendants").  (ECF No. 21.)  For the reasons set forth below, the

motion is GRANTED.

**I.**      <u>**BACKGROUND**</u>

      I accept as true the facts, but not the conclusions, set forth in Plaintiff's Complaint.  (ECF

No. 2 ("Compl.").)

      **A.**      <u>**Facts**</u>

      On August 24, 2022, Plaintiff was stopped on William Street in Newburgh by the Police

Defendants, who are both City of Newburgh police officers.  (*Id.* at 6.)[1]  The stop was initiated

based on a complaint, signed by a New York State Police detective based in Montgomery, New

---

[1] Citations to the Complaint refer to the page numbers generated by the Court's
Electronic Case Filing System.

York, that accused Plaintiff of committing third-degree grand larceny. (*Id.*; ECF No. 22 Ex. B.)[2] According to Plaintiff, the Police Defendants told Plaintiff they had a warrant for him but no warrant had been signed. (Compl. at 6.) The Police Defendants "searched and handcuffed [Plaintiff] after finding drugs [on him]." (*Id.*) Plaintiff was then placed in the officers' vehicle and transported to the police station where he "waited for the State Police to pick [him] up for questioning for the complaint." (*Id.*) The Police Defendants never read Plaintiff his *Miranda* warnings. (*Id.*)

After an unspecified period of time, Plaintiff was brought to State Police Headquarters in Montgomery and questioned about the grand larceny charge. (*Id.*) Plaintiff was then arraigned in local court on the third-degree grand larceny charge and sent to the Orange County Jail. (*Id.* at 7.)[3] On December 20, 2022, Plaintiff pleaded guilty to the third-degree grand larceny charge and to a charge of petit larceny. (ECF No. 22 Ex. D at 4-6.)[4]

---

[2] The Court can consider Exhibit B – the detective's complaint – because it is integral to the Complaint. *See United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint."). (Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.) But the outcome here would be the same even if I did not consider it.

[3] Plaintiff's complaint also describes the grand jury process and brings claims with respect to this process against various prosecutors and defense attorneys. (*See* Compl. at 7-8.) The Court dismissed the claims against these Defendants, and therefore the facts related to them are not relevant to this motion. (*See* ECF No. 9 at 5-6.) Other claims based on events at the Orange County Jail were severed, (*see* ECF No. 7), and have since been dismissed, *see* Order of Dismissal, *Williams v. Orange Cnty. Jail et al.*, No. 23-CV-764 (S.D.N.Y. Aug. 7, 2023), ECF No. 6.

[4] The Court can consider Exhibit D – the minutes of Plaintiff's plea – because it is a matter of public record. Ordinarily the Court only considers statements in public records for the

### B.    Procedural History

On November 10, 2022, Plaintiff commenced this action seeking money damages under 42 U.S.C. § 1983.  (Compl. at 7.)  Plaintiff claims that Defendants violated his First, Fourth, Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights.  (*Id*. at 2.)

On June 15, 2023, the Police Defendants filed a pre-motion letter.  (ECF No. 18.)  At the pre-motion conference, the Court granted Plaintiff leave to amend his Complaint by August 24, 2023.  (*See* Minute Entry dated July 25, 2023.)  The Plaintiff did not amend his Complaint, and on September 25, 2023, the Police Defendants filed the instant motion.  (ECF No. 21.)  Plaintiff has not opposed the motion.

## II.    LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

---

fact that they were said but not for their truth.  *See Yany's Garden LLC v. City of N.Y.*, No. 18-CV-2813, 2020 WL 224701, at *3 (E.D.N.Y. Jan. 15, 2020) ("Additionally, a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6). If the court takes judicial notice of a public record, it does so solely to determine what statements the public record contained, not for the truth of the matters asserted."), *aff'd*, No. 20-3419, 2022 WL 288071 (2d Cir. Feb. 1, 2022) (summary order).  But where the record is of the Plaintiff's own statement, it can be considered for its truth.  *See Nastasi & Assocs., Inc. v. Bloomberg, L.P.*, No. 18-CV-12361, 2021 WL 3541153, at *4 (S.D.N.Y. Aug. 11, 2021); *Abdul-Rahman v. City of N.Y.*, No. 10-CV-2778, 2012 WL 1077762, at *3 (E.D.N.Y. Mar. 30, 2012) (collecting cases).  In any event, the outcome here would be the same whether I considered the plea minutes for their truth or for the fact that the statements therein were made.  (The Court will send Plaintiff copies of all unreported cases cited in this Opinion and Order.)

allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  While Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

In considering whether a complaint states a claim upon which relief can be granted, the court "begin[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," and then determines whether the remaining well-pleaded factual allegations, accepted as true, "plausibly give rise to an entitlement to relief." *Id.* at 679. Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – 'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

Complaints by *pro se* plaintiffs shall be examined with "special solicitude," interpreted "to raise the strongest arguments that they suggest," *Shibeshi v. City of N.Y.*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order), and "held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (*per curiam*).  Nevertheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and district courts "cannot invent factual allegations that [the plaintiff] has not pled." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

4

A plaintiff's failure to oppose a motion to dismiss "does not, without more, justify dismissal," *James v. John Jay Coll. of Crim. Just.*, 776 F. App'x 723, 724 (2d Cir. 2019) (summary order), especially where the plaintiff is *pro se*, *see Kucharczyk v. Westchester County*, 95 F. Supp. 3d 529, 536 (S.D.N.Y. 2015). "[T]he sufficiency of a complaint is a matter of law that the district court is capable of determining based on its own reading of the pleading and knowledge of the law." *Goldberg v. Danaher*, 599 F.3d 181, 184 (2d Cir. 2010).

## III. DISCUSSION

### A. Fourth Amendment Claim

Williams alleges that the Police Defendants violated his Fourth Amendment rights by subjecting him to a false arrest. (*See* Compl. at 2.)

"There can be no federal civil rights claim for false arrest where the arresting officer had probable cause." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995). "An officer has probable cause to arrest when in possession of facts sufficient to warrant a prudent person to believe that the suspect had committed or was committing an offense." *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 128 (2d Cir. 1997). "When making a probable cause determination, police officers are entitled to rely on the allegations of fellow police officers." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006); *see United States v. Colon*, 250 F.3d 130, 135 (2d Cir. 2001) ("An arresting officer might not be aware of all the underlying facts that provided probable cause or reasonable suspicion, but may nonetheless act reasonably in relying on information received by other law enforcement officials."); *Walston v. City of N.Y.*, 289 F. Supp. 3d 398, 408 (E.D.N.Y. 2018) (finding that officer defendant correctly determined he had probable cause to arrest based on another officer's complaint report); *Micalizzi v. Ciamarra*, 206 F. Supp. 2d 564, 577

(S.D.N.Y. 2002) ("A police officer is entitled to rely on the contents of a fellow officer's radio report and to presume that a statement alleging criminality is justified by probable cause.").

      Here, Plaintiff alleges that the officers made the arrest based on a complaint report signed by a State Police detective, (Compl. at 6), which was sufficient to establish probable cause to arrest.  Indeed, even if all the officers had was a verbal report from the detective, they were justified in relying on it.  *See, e.g., Micalizzi*, 206 F. Supp. 2d at 577.[5]  Furthermore, Plaintiff's guilty plea, (ECF No. 22 Ex. D at 4), shows the existence of probable cause.  *See Parkinson v. Town of Niskayuna*, No. 22-CV-70, 2023 WL 8574309, at *4 (N.D.N.Y. Dec. 11, 2023) ("[A] plaintiff can under no circumstances recover under § 1983 for false arrest if he pleaded guilty to the offense for which he was arrested."); *Hayes v. County. of Sullivan,* 853 F. Supp. 2d 400, 428 (S.D.N.Y. 2012) ("When a Section 1983 plaintiff pleads guilty to the underlying or a lesser charge, this fact alone provides sufficient evidence that probable cause existed at the time of the arrest and precludes a false arrest claim.").  Because, based on the complaint report and the guilty plea, the officers had probable cause to arrest Plaintiff, and because the existence of probable cause serves as a "complete defense to an action for false arrest brought under . . . § 1983," *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012), Plaintiff's claim for false arrest is dismissed.

---

[5] Plaintiff does not allege that the detective in fact lacked probable cause, but even if he or she did, the Police Defendants here would be entitled to qualified immunity.  *See Micalizzi,* 206 F. Supp. 2d at 577.

B.      <u>Other Claims</u>

Plaintiff also claims that the officers violated his First, Fifth, Eighth, Ninth, Thirteenth, and Fourteenth Amendment rights. (Compl. at 2.) For the reasons set forth below, these claims are dismissed.

Plaintiff alleges that the Police Defendants violated his Fifth Amendment rights because the officers failed to provide *Miranda* warnings during his arrest. (*See id.* at 6.) As the Court has already explained, (*see* ECF No. 9 at 5 n.5), the Supreme Court has held that the failure to provide *Miranda* warnings does not give rise to a constitutional violation redressable in damages under section 1983. *See Vega v. Tekoh*, 597 U.S. 134, 150 (2022) ("[A] violation of *Miranda* does not necessarily constitute a violation of the Constitution, and therefore such a violation does not constitute 'the deprivation of a right … secured by the Constitution.'") (quoting 42 U.S.C. § 1983). Even before *Vega*, there was no valid Fifth Amendment claim under § 1983 "absent use of . . . compelled statements in a criminal case," *Spears v. New Haven Police Dep't*, No. 20-CV-1652, 2021 WL 3514675, at *3 (D. Conn. Aug. 10, 2021), which Plaintiff does not allege. Accordingly, the Fifth Amendment claim is dismissed.

Plaintiff also brings a claim against the officers under the Ninth Amendment. It is well settled that the Ninth Amendment cannot serve as the basis for a § 1983 claim because it is not an independent source of individual rights, *Jenkins v. Comm'r*, 483 F.3d 90, 92 (2d Cir. 2007), and "[a § 1983] claim must be premised on the violation of a right guaranteed by the U.S. Constitution or federal law," *Lloyd v. Lee*, 570 F. Supp. 2d 556, 566 (S.D.N.Y. 2008); *see Jendrzejczak v. Williams*, No. 13-CV-1239, 2014 WL 2533041, at *13 (N.D.N.Y. June 5, 2014). Accordingly, the Ninth Amendment claim is dismissed.

Plaintiff's claim that the officers violated his Thirteenth Amendment rights also fails.  To bring a claim for a Thirteenth Amendment violation, the Plaintiff must allege that he was subjected to involuntary servitude.  *McGarry v. Pallito*, 687 F.3d 505, 510-11 (2d Cir. 2012). This involves "a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process."  *United States v. Kozminski*, 487 U.S. 931, 952 (1988). Plaintiff alleges no facts suggesting that the Police Defendants subjected him to anything resembling involuntary servitude.  Therefore, the Thirteenth Amendment claim is dismissed.

Plaintiff also alleges that the officers violated his Eighth and Fourteenth Amendment rights.  "Pretrial detainees are protected by the Due Process Clause of the Fourteenth Amendment rather than by the Eighth Amendment's prohibition on cruel and unusual punishment, which applies only to convicted prisoners."  *Lloyd*, 570 F. Supp 2d at 570.  Because the Plaintiff was not convicted at the time of the arrest, his claim falls under the Fourteenth Amendment.  But his complaint sets forth no facts suggesting the deprivation of his Fourteenth Amendment rights.  "[A]llegations which are nothing more than broad, simple, and conclusory statements are insufficient to state a claim under § 1983."  *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987); *see Harris v. Doe,* No. 24-CV-151, 2024 WL 1344697, at *3 (D. Conn. Mar. 29, 2024) ("The mere mention of a constitutional provision is not sufficient to state a claim for relief under that provision.").  Because the Complaint states only that the Plaintiff's Fourteenth Amendment rights were violated without including facts plausibly suggesting that the officers mistreated him or otherwise violated the Fourteenth Amendment, this claim cannot proceed.  Accordingly, Plaintiff's Eighth and Fourteenth Amendment claims are dismissed.

Lastly, Plaintiff alleges that the Police Defendants violated his First Amendment rights. Plaintiff fails to provide facts suggesting which provisions of the First Amendment the officers violated and how they did so.  He has not identified any exercise of his First Amendment rights or described any fashion in which those rights were restricted or by which he suffered retaliation for exercising them.  Plaintiff's broad, conclusory claim is insufficient to establish a viable claim under § 1983.  *Alfaro Motors, Inc.*, 814 F.2d at 887.  His First Amendment claim is dismissed.

IV.    **CONCLUSION**

For the foregoing reasons, the motion to dismiss of Defendants Jodice and Rivera is GRANTED.  The Clerk of Court is respectfully directed to terminate the pending motion, (ECF No. 21), and close the case.

**SO ORDERED.**

Dated:  June 27, 2024
        White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

9